IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 02-00239 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO VACATE, CORRECT OR SET ASIDE THE SENTENCE** |
| WADE VINCENT SHANG, | |
| Defendant. | |

## INTRODUCTION

Wade Vincent Shang has moved to have his sentence for tax evasion for 1996 and 1998 vacated or set aside on grounds that his attorneys rendered unconstitutionally poor representation. The Court agreed to address three issues: (1) whether trial counsel relied on *Merritt v. United States*, 327 F.2d 820 (5th Cir. 1964), (2) whether any such reliance was ineffective assistance of trial counsel and (3) whether appellate counsel's failure to argue *Merritt* was ineffective (Order (1) In Resp. to Pet'r's Req. For Recons. & (2) To Show Cause at 2, Aug. 25, 2005). Trial counsel relied on *Merritt* but such reliance was not ineffective. Appellate counsel reasonably decided not to argue *Merritt* but instead to address it in briefs. The motion therefore is **DENIED**.[1]

---

[1] Mr. Shang, a lawyer suspended from practicing law, made his motion *pro se*. His traverse was, however, filed by a fully licensed attorney.

**STATEMENT**

Mr. Shang, an attorney and certified public accountant, was convicted of three tax-evasion counts, one each for 1996, 1998 and 1999. Prosecutors employed the net-worth method, a method of determining income by comparing a defendant's net worth at the beginning of the year with that at the end of the year, then adjusting for any nontaxable items. All increases in net worth unattributable to tax-free sources are treated as income. Mr. Shang was acquitted of counts covering 1995 and 1997. His conviction for 1999 was overturned on appeal. His convictions for 1996 and 1998 were affirmed. *United States v. Shang*, 114 Fed. Appx. 813, 814 (9th Cir. 2005). He was re-sentenced to a somewhat lower sentence in light of the 1999 result. He is now serving that sentence.

Petitioner alleges that his trial counsel's reliance on *Merritt* was reflected in counsel's purported failure to introduce evidence or elicit testimony to show which assets and liabilities were omitted from the government's net-worth calculations, and how those omissions quantitatively affected the calculation of unreported income for 1996 and 1998.

Petitioner claims that trial counsel analogized putting on a *Merritt* to putting on a defense against drunken driving charges by showing that the government had not proven that the defendant even drove the car. "He indicated to me in essence that when the Government knows of assets and liabilities and omits them without justification, it requires acquittal on that basis alone" (Shang Decl. ¶ 9).

After the verdict, petitioner moved for a judgment of acquittal. In that motion, he argued that the government had failed to establish a tax evasion because it did not investigate thoroughly Mr. Shang's net worth in the years in question. In particular, he alleged that the government had failed to exclude the possibility that increases in net worth were attributable to omitted assets or liabilities. Defense counsel cited *Merritt*, claiming that it had "facts remarkably similar to, but not as egregious as, those in this case." Defense counsel stated that, in *Merritt*, a special agent acknowledged on cross-examination that he "had missed unidentified assets." Defense counsel also quoted the following sentence from *Merritt*: "We conclude that the burden was on the government to identify these assets and to include them in the net worth

2

1   schedule." Trial counsel later wrote that "[h]ere[,] as in *Merritt*, the government clearly failed
2   to conduct a thorough investigation of Defendant's assets and liabilities as to each relevant date
3   in the prosecution years. The Government, thus, as a matter of law, did not establish with
4   reasonable certainty Defendant's assets and liabilities, and consequently did not meet it burden
5   of proving that the apparent increase in Defendant's net worth was attributable to unreported
6   income. . . . Accordingly, the Government should not have been allowed to rely upon the net
7   worth method of proof, and Defendant's Motion . . . should . . . be granted" (Br. 1–2, 13–14,
8   Motion for Acquittal). In the defense reply brief, *Merritt* was cited merely to note that the
9   government had not addressed the decision in its opposition (Reply 3).

10   The Court denied the motion. It noted that *Merritt* involved the exclusion from net-
11   worth figures of assets that the government knew about from its investigation. The Court stated
12   that, in instant case, by contrast, the omitted assets were *not* known to the government until the
13   defense introduced evidence of them at trial (Order Denying Post-Trial Motions at 3, January
14   15, 2004).

**ANALYSIS**

16   Upon motion, a federal court may vacate or set aside a sentence it imposed if the
17   sentence was not authorized by law and if there was such a denial or infringement of the
18   accused's rights as to make the judgment infirm. 28 U.S.C. 2255 para. 2. The petitioner has the
19   burden of showing the error. *United States v. Frady*, 456 U.S. 152, 170 (1982). The Ninth
20   Circuit has not set forth the level of proof required to obtain such relief. Every other circuit that
21   has articulated a standard held that it was preponderance of the evidence. *See United States v.
22   DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978); *Triana v. United States*, 205 F.3d 36, 40 (2d Cir.
23   2000); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *Wright v. United States*, 624
24   F.2d 557, 558 (5th Cir. 1980); *Hearn v. United States*, 194 F.2d 647, 649 (7th Cir. 1952); *Davis
25   v. United States*, 226 F.2d 834, 836 (8th Cir. 1955); *Crail v. United States*, 430 F.2d 459, 460
26   (10th Cir. 1970); *Battle v. United States*, 419 F.3d 1292, 1298 (11th Cir. 2005); *Grennett v.
27   United States*, 403 F.2d 928, 930 (D.C. Cir. 1968); *see also Johnson v. Zerbst*, 304 U.S. 458,
28   468–69 (1938) (holding, pre-Section 2255, that preponderance of the evidence is standard in

3

habeas cases arising from federal judgments). In cases alleging ineffective assistance of counsel, however, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

### 1. *Merritt*.

The first task in determining whether trial counsel relied on *Merritt* is to understand the decision. In *Merritt*, the appellant had been convicted, upon proof by the net-worth method, of evading income taxes for two years. At trial, a government agent who determined the alleged net-worth amounts testified that the prosecution had not taken into account all of the defendant's assets that it knew about. Neither counsel asked what those assets were. The Fifth Circuit held that the government had the burden of identifying those assets and justifying its failure to include them in the net-worth computation. Having failed to do so, the prosecution had not established a reasonably certain open net worth. The Court of Appeals held that, to make out a reasonably certain net worth, the government must list or account for all assets of the defendant of which the government was aware. The Fifth Circuit then reversed the judgment of conviction. *Merritt*, 327 F.2d at 820–23.

### 2. **Reliance on *Merritt*.**

There are two ways in which the trial counsel's performance must be examined to determine if he relied upon *Merritt*. First, did he cite to *Merritt* or otherwise refer to it explicitly in any of his work? Second, did he engage in tactics that were consistent with reliance upon *Merritt*'s holding or dicta?

As to the initial question, Mr. Shang points to two instances when trial counsel relied on *Merritt*. First, counsel described the defense to Mr. Shang and, by reference to it, "indicated" to Mr. Shang that the government's unjustified omission of known assets and liabilities would require acquittal.[2] Second, counsel relied on *Merritt* in his post-trial motion for acquittal, using

---

[2] Only a generous construction of Mr. Shang's declaration permits this understanding. In full, Mr. Shang stated: "Trial counsel stated to me that the *Merritt* analysis was analogous to the Government charging a person for drunk driving but failing to include testimony about driving the car. He indicated to me in essence that when the Government knows of assets and liabilities and omits them without justification, it requires acquittal on that basis alone" (Shang Decl. ¶ 9).

4

1  it as an example of a decision in which a verdict had been overturned, purportedly because the
2  government had failed to conduct a thorough investigation.

3  Petitioner also claims to present indirect proof of counsel's reliance on *Merritt*. He
4  suggests that counsel elicited testimony showing omissions but proved neither what *specifically*
5  was missing nor how those items would affect the margin of error in the government's net-
6  worth calculations. Petitioner claims that such specific evidence would have shown the
7  government's net-worth calculations to be far off the mark, requiring reasonable doubt and,
8  consequently, acquittal.

### 3. Trial Counsel's Reliance On *Merritt*.

Petitioner claims that his trial counsel's reliance on *Merritt* was ineffective assistance of counsel, denying the right to representation at trial. To prove ineffective assistance of counsel, petitioner must show (1) that counsel's performance was so deficient that it "fell below an objective standard of reasonableness," and (2) that "the deficient performance prejudiced the defense," such that the defendant did not have a fair and reliable trial. *Strickland*, 466 U.S. at 686–89.

Counsel reasonably relied upon *Merritt* in the motion for acquittal. There was enough similarity between the cases that a competent attorney might have expected that citing *Merritt* would help persuade the Court to acquit. Counsel implicitly made the colorable argument that the Court should extend *Merritt* to cases in which the government omitted assets despite *not* knowing about them before trial.

Furthermore, counsel cited *Merritt* mainly for the proposition that flawed investigations warrant acquittal — a notion that was consistent with controlling Ninth Circuit decisions. *See, e.g.*, *United States v. Hall*, 650 F.2d 994, 999 (9th Cir. 1981). Finally, trial counsel in no way put all of his eggs in the *Merritt* basket. He relied heavily on *Holland v. United States*, 348 U.S. 121 (1954), the Department of Justice Criminal Tax Manual and *Hall* (*see* Br. 2–5 & Reply 2, 3 and 5, Motion for Acquittal).

Although petitioner argues that *Merritt* was the "entire basis for defense counsel's strategy at trial," there is, at best, weak evidence that counsel relied on *Merritt* aside from the

5

motion for acquittal. A *Merritt* defense is one in which defense counsel (1) seeks to show that the government knew about assets before trial, (2) did not include them in its net-worth computation, (3) has no justification for the omission and (4) does not seek to show what those specific assets were or their value. In essence, it is to rely on the government's failure to identify at trial all assets of which it knows, leaving open the possibility that those assets were valuable enough to erase all unpaid tax liability. Defense counsel clearly did not pursue such a strategy here. He repeatedly elicited testimony and introduced evidence to show which assets the government had failed to consider and their value. He showed that the government investigation failed to turn up two Bank of America accounts worth roughly $61,000. By incorporating these funds into the net-worth calculation and excluding the value of attorney-client trust accounts, Mr. Shang showed that he incurred no tax liability for 1995 and 1997, and was acquitted as to those years. Evidence was also introduced that two companies that extended Mr. Shang credit could not be located and that the government consequently did not consider those liabilities. Another line of credit was revealed that reduced the unreported income for 1999 from $61,000 to $27,000, a discrepancy that helped persuade the Ninth Circuit to overturn the conviction for 1999 (Order Denying Post-Trial Motions at 2–4). *See Shang*, 114 Fed. Appx. at 814. This history disproves Mr. Shang's contention that his trial counsel, by relying on *Merritt*, "did not undertake to show, by cross-examination or affirmative proof[,] the specific omitted items or the impact on tax of the omitted items, as to each individual indictment year" (Br. 2).

Throughout his briefs, petitioner repeatedly misstates the holding of *Merritt*. For example, he claims that there is a theory, "valid only under *Merritt*, that eliciting admissions from the prosecution's witnesses that they had missed some assets and liabilities [is] sufficient to require an acquittal on all charges." In fact, *Merritt* did not involve proving that the prosecution "missed" assets and liabilities. It instead addressed situations when the government *did not miss* assets yet failed to include them in its calculations and did not justify the omission.

Mr. Shang's motion also alleges that his trial counsel elicited testimony that the agents knew about his office in San Antonio, Texas, and that he owned a car there. He does not,

however, demonstrate that trial counsel ever sought to elicit testimony that the value of those assets was unjustifiably excluded from the government's net-worth computation, which would be an essential part of a *Merritt* defense. He claims that counsel's reliance on *Merritt* was also shown by his cross-examination of a government agent, revealing that the investigation missed some liabilities and that it possibly was not thorough as to assets (Br. 3–4). Such testimony is irrelevant to a *Merritt* defense. A *Merritt* defense does not concern the thoroughness of the investigation but rather whether the government excluded assets of which it knew — and, therefore, *had investigated* — from the net-worth figures.

Throughout his brief, petitioner states that, rather than rely on *Merritt*, trial counsel should have relied on *United States v. Keller*, 523 F.2d 1009 (9th Cir. 1975), as if the two decisions contradicted one other. They do not. In *Keller*, the Ninth Circuit overturned a guilty verdict because the government had failed to conduct a reasonably thorough investigation. The government thus possibly missed assets that would have entirely wiped out tax liability for one year. The court also upheld guilty verdicts for two other years on the grounds that, even if the appellants could establish the alleged errors, the resulting margin of error would be no more than one-tenth the claimed understatement in income. Over $20,000 in undisclosed income would remain for each year. Such a small margin of error was not sufficient to warrant reversal. *Id.* at 1011–12. *Merritt* involved no assertions of inadequate investigation but instead proof that the government knew about assets yet failed to incorporate them into its net-worth calculations. *Keller* also held that any error must be greater than one-tenth the alleged understatement to overturn a guilty verdict. That holding is distinct from the rule petitioner attributes to *Keller*: that no verdict can be overturned unless the margin of error is proven. *Keller* said nothing about assets knowingly omitted by the government, the value of which was unknown to the court. *Keller* therefore did not contradict *Merritt*. The decisions each dealt with distinct — but not mutually exclusive — failures to prove guilt. Whether or not trial counsel relied on *Keller* is therefore irrelevant to whether he relied on *Merritt*.

If trial counsel failed to introduce evidence of specific, unjustified omissions for 1996 and 1998, the best explanation is that the attorney never knew about them. Failure to know

7

about or learn about assets is not a *Merritt* strategy.  Here, it apparently was due to Mr. Shang's failure to tell his own counsel about the items (*see* Shang Decl. ¶ 11 ("My trial attorney and I did not discuss these issues [of a potential tax write-off and of checks for which the government purportedly had not accounted properly].")).  Counsel would have great difficulty turning up confidential evidence that his client kept secret.  Simply pointing to the evidence now, without a good reason to blame counsel for not introducing it at trial, does nothing to prove that counsel ineffectively relied on *Merritt*.

Mr. Shang has not demonstrated that trial counsel relied on *Merritt*, other than in the motion for acquittal.  In that motion, his use of *Merritt* was reasonable.  The Court therefore finds that reliance on *Merritt* did not constitute ineffective assistance of counsel.

### 3.  Appellate Counsel's Reliance On *Merritt*.

Appellate counsel can also render constitutionally deficient representation requiring reversal.  *McCoy v. Ct. App. of Wis., Dist. 1*, 486 U.S. 429, 436 (1988).  Petitioner alleges that his appellate counsel provided ineffective assistance of counsel by not arguing *Merritt* before the Ninth Circuit.  Appellate counsel, Farley Katz, is a partner in the same law firm as trial counsel Charles Muller.  Strasburger, Who we are, San Antonio Office, *at* http://www.strasburger.com/directory/dir_sanantonio.htm (last viewed Dec. 9, 2006).  At argument, appellate counsel instead described holdings from *Holland* and *Hall* and applied them to the facts of the instant case, although he never mentioned the decisions by name.  *See* Audio Files, Ninth Circuit arguments, *at* www.ca9.uscourts.gov (last reviewed Jan. 6, 2006).  The appellate counsel did, however, mention *Merritt* in briefs (*see* Brief for the Appellant at 33, *Shang*, 114 Fed. Appx. 813 (9th Cir. 2005) (No. 04-10063); Br., Mot. to Vacate, Set Aside or Correct the Sentence, at 6 (acknowledging use of *Merritt* in petition for rehearing)).  It was not unreasonable for Mr. Shang's counsel to restrict his discussion of *Merritt* to the briefs.  Counsel has a limited period of time to argue.  Some things must be left out.  In addition, what counsel states at argument is often controlled by the questions posed by the judges.  Appellate counsel here was reasonable to leave out mention of *Merritt*, which is both not controlling authority in

the Ninth Circuit and not directly on point factually. The appellate counsel provided effective assistance of counsel.

## CONCLUSION

Petitioner has not sustained his burden of demonstrating, by a preponderance of the evidence, that he was deprived of his Sixth Amendment right to effective assistance of counsel insofar as his attorneys relied upon *Merritt* at trial but did not argue it before the Ninth Circuit. His motion therefore is **DENIED**. Because there are no material factual disputes, petitioner's request for a hearing also is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 9, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE