IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 02-00239 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR CERTIFICATE OF APPEALABILITY** |
| WADE VINCENT SHANG, | |
| Defendant. | |

## INTRODUCTION

Applicant Wade Vincent Shang asks the Court for a certificate of appealability so that he may challenge, before the Ninth Circuit, the denial of his motion to vacate, correct or set aside his sentence on tax-evasion charges. In making the motion, the Court considered two claims of ineffective assistance of counsel. The first was that trial counsel provided ineffective assistance by relying on *Merritt v. United States*, 327 F.2d 820 (5th Cir. 1964). Permission to appeal on that theory is **GRANTED**. The second claim was that appellate counsel provided ineffective assistance by failing to argue *Merritt* on direct appeal. The request to pursue that theory is **DENIED**.

## STATEMENT

Mr. Shang, an attorney and certified public accountant, was sentenced on tax-evasion charges for tax years 1996, 1998 and 1999. Prosecutors employed the net-worth method, a way of determining income by comparing a defendant's net worth at the beginning of the year with that at the end of the year, then adjusting for any nontaxable items or other conditions that

would reduce the tax.  All increases in net worth after the adjustments are treated as taxable income.  On direct appeal, the Ninth Circuit reversed his conviction for 1999.

In his motion to vacate, correct or set aside his sentence, applicant argued that his trial counsel's reliance on *Merritt* was ineffective because *Merritt* purportedly conflicted with Ninth Circuit law and allegedly led counsel not to pursue certain strategies based on Ninth Circuit law.  He also claimed that his counsel on direct appeal rendered constitutionally deficient representation because, despite reliance on *Merritt* at trial, he did not argue it before the Ninth Circuit.

The Court rejected both theories and denied the motion.  On January 19, applicant notified the Court of his appeal.

**ANALYSIS**

A person appealing the final order on a motion to vacate, correct or set aside a sentence must first obtain a certificate of appealability.  The request initially passes to the district court judge who made the final order.  Federal Rule of Appellate Procedure Rule 22(b)(1).  That judge may grant the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. 2253(c)(2).  The certificate may also be granted if the petitioner demonstrates "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; *or* that the questions are adequate to deserve encouragement to proceed further."  Any doubt is resolved in the petitioner's favor.  *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citations omitted).

Given this presumption, the certificate is granted on the theory that trial counsel was ineffective. The theory of ineffective assistance at the appellate level is, however, a non-starter. Appellate counsel was more successful than most — he succeeded in persuading the Ninth Circuit to overturn one of the convictions, for tax year 1999.  Although appellate counsel did not mention *Merritt* at argument, he did invoke it more than once in briefs (*see* Brief for the Appellant at 33, *Shang*, 114 Fed. Appx. 813 (9th Cir. 2005) (No. 04-10063); Br., Mot. to Vacate, Set Aside or Correct the Sentence, at 6 (acknowledging use of *Merritt* in petition for rehearing)).  Counsel had a limited period of time to argue.  Some things had to be left out.  The

2

questions posed by the judges controlled, in part, what counsel said.  Most important, *Merritt* was not controlling authority in the Ninth Circuit and was not directly on point factually.  The governing standard for ineffective assistance of counsel requires judges to be "highly deferential" to the decisions of the attorney accused of constitutionally deficient representation. *Strickland v. Washington*, 466 U.S. 668, 689 (1984.).  Given all this, no reasonable jurist could rule that Mr. Shang suffered from ineffective assistance of counsel because his attorney did not argue *Merritt*.  No certificate shall issue on this theory.

**CONCLUSION**

For the reasons stated above, the request is **GRANTED** on the trial-counsel ineffective assistance claim but is **DENIED** on the appellate-counsel ineffective assistance claim.

**IT IS SO ORDERED.**

Dated:  January 30, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE